## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DONNA L. TURNER,**

                    Plaintiff,

vs.                                          Civ. No. 03-412 ACT

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

                    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed October 10, 2003.  Docket No. 9.  The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken and will be granted.

### I.  PROCEDURAL RECORD

Plaintiff, Donna Turner, applied for Disability Insurance Benefits and Supplemental Security Income Benefits on February 9, 2000.  Plaintiff alleged she became disabled on January 31, 2000 due to anxiety and panic attacks.  Tr. 53-55, 75, 195-199.   This application was denied at the initial and reconsideration level.

The ALJ conducted a hearing on March 1, 2001.  At the hearing, the Plaintiff was represented by her attorney.  On June 26, 2002, the ALJ issued his decision and found that Plaintiff had a "severe' anxiety-related disorder but was not disabled.  Thereafter, the Plaintiff filed a request for review.  On

1

February 11, 2003, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ.  Tr. 6.  The Plaintiff subsequently filed her Complaint for court review of the ALJ's decision on April 3, 2003.

Plaintiff was forty years old on the date the ALJ issued his decision.  Tr. 16. She has an eleventh grade education and past work experience as a bank collections representative, a bookkeeper and a store manager.  Tr. 16, 60, 84.

## II.  STANDARD OF REVIEW

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether she applied correct legal standards.  See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); Glenn v. Shalala, 21 F.3d 983 (10th Cir. 1994).  To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a mere scintilla, but it need not be a preponderance.  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992); Sisco v. United States Dep't. of Health & Human Servs., 10 F.3d 739, 741 (1993).  A decision of an ALJ is not supported by substantial evidence if other evidence in the record overwhelms the evidence supporting the decision.  See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity.   See 42 U.S.C. §423(d)(1)(A); see also Thompson, 987 F.2d at 1486.  The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing

2

disability applications.  20 C.F.R. § 404.1520(a-f).  The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled.  See Thompson, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past.  20 C.F.R. §§ 404.1520 and 416.920.  At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience.  Id.

### III.  MEDICAL HISTORY

In 1987, Richard B. Smith, M.D. diagnosed Plaintiff with panic disorder and a generalized anxiety disorder.  Tr. 192-193.  He states in his letter to Child Protective Services that her condition at that time is "almost severe as what required her hospitalization in December of 1986."  Tr. 193.  She was treated with Xanax and psychotherapy.  There are no other records from Dr. Smith in the record.

Plaintiff was treated by her primary care physician, Edward Brown, M.D. beginning in January of 1999.  Tr. 157.  He treated her with Trazodone for her headaches and Zoloft for her depression.  Tr. 159.  Plaintiff returned to Dr. Brown in June of 1999.  Plaintiff continued to have problems due to anxiety and panic.  Tr. 157.  Dr. Brown prescribed Buspar, an anti-anxiety medicine and continued her prescription for Trazodone.  Id.  Plaintiff continued treatment under Dr. Brown and in January of 2000, Plaintiff complained of anxiety and painful breathing.  Tr. 155.

In December of 1999, Plaintiff saw a mental health counselor, Kathryn Lang, for her anxiety and panic disorders. Tr. 148. In February of 2000, Plaintiff continued to complain of anxiety and breathing difficulties. Tr. 154. Later in February, Plaintiff was evaluated by another mental health counselor at Lovelace. Tr. 144-146. The counselor noted that Plaintiff had been suffering from anxiety and panic for approximately 10 years and had been hospitalized for these issues over a three-week period around 1990. Tr. 144. The counselor also noted that Plaintiff's panic attacks occurred 2 to 3 times per day in the past 4 months. Id.

On March 31, 2000, Plaintiff underwent a consultative psychiatric examination by Steven I. Sacks, M.D. Tr. 113-118. Dr. Sacks diagnosed Plaintiff problems as a panic disorder with agoraphobia. He found her psychiatric impairment to be "marked." Tr. 118.

On April 1, 2000, Roger L. Smithpeter, M.D. completed a Psychiatric Review Technique Form which addresses the ability to do work-related mental activities. Tr. 123-133. Dr. Smithpeter found that the Plaintiff was suffering from an anxiety disorder as evidenced by recurrent severe panic attacks. Tr. 128. Dr. Smithpeter also found that this condition causes the Plaintiff to have episodes of deterioration or decompensation at work. This causes the Plaintiff to withdraw from that situation or to experience an exacerbation of signs or symptoms. Tr. 131. Plaintiff underwent another psychiatric evaluation on June 9, 2000 by Arlin Cooper, M.D. Tr. 135-138. He diagnosed her with panic disorder with agoraphobia. He noted her long history and anxiety and panic disorder and stated that she was disabled. Tr. 137.

In September of 2000, Ms. Lang completed a "Statement of Ability to do Work-Related Mental Activities." She found significant limitations in the areas of understanding and memory, sustained concentration and persistence, social interaction and adaption to the extent that they

precluded any employment by the Plaintiff.  Tr. 183-184.  Ms. Lang made these same findings in March of 2001.  Dr. Brown co-signed the report.

## IV. DISCUSSION

Plaintiff alleges that the ALJ's finding regarding Plaintiff's residual functional capacity ("RFC") is not supported by the substantial evidence and his analysis does not follow the correct legal standards.  Plaintiff also asserts that the hypotheticals posed by the ALJ to the vocational expert do not state all of the Plaintiff's mental functional restrictions and that substantial evidence does not support the ALJ's credibility findings.

Residual Functional Capacity.

The ALJ found that Plaintiff can perform a "range of sedentary and light work that is 1 or 2 step, repetitive low stress work that does not involve contact with the public and requires only limited contact with co-workers."  Tr. 23.  Plaintiff asserts that the ALJ failed to consider the non-medical reports in the record as required by Social Security Ruling ("SSR") 85-16. 1985 WL 56855.  SSR 85-16 is the Defendant's Program Policy Statement on residual functional capacity for mental impairments.

Specifically, Plaintiff asserts that the ALJ erred in not giving appropriate weight to the opinion of Plaintiff's social worker and mental health counselor.  Although reports of a counselor are not an "acceptable medical source" under the regulations, they are to be considered as "other source" evidence.  20 C.F.R §416.913(d).  SSR 85-16 specifically states that:

> To arrive at an overall assessment of the effects of mental impairment, relevant, reliable
> information, obtained from third party sources such as social workers, previous employers,
> family members and staff members of halfway houses, mental health centers and   community

5

centers, may be valuable in assessing an individual's level of activities of daily        living.

The ALJ referred to Ms. Lang's treatment notes of the Plaintiff. However, he said he would consider those notes "regarding the claimant's complaints and [Lang's] personal observations"  but not the "assessment form" as it contains "Ms. Lang's opnion regarding the claimants diagnosis and prognosis." Tr. 19.  Such a distinction is not considered by SSR 85-16.  Schaal v. Callahan, 993 F. Supp. 85, 94 (D. Conn. 1997)(The ALJ "shall consider the social worker's assessment of the plaintiff's work ability...").

Plaintiff also asserts that the ALJ should have considered the statement of Ms. Sandra Vigil, Plaintiff's's former employer.  Tr. 52.  The regulations as stated above provide that the effects of a claimed mental impairment may be demonstrated by information from third parties "who have knowledge of an individual's functioning."  SSR 85-16.  Moreover "[i]nformation concerning the individual's behavior during any attempt to work and the circumstances surrounding termination of the work effort are particularly useful in determining the individual's ability or inability to function in a work setting."  20 C.F.R. Pt. 404, Subpt. P, App.1, 12.00 (d).  This statement clearly is such information and should have been considered by the ALJ.

In addition, pursuant to SSR 85-16, the testimony of Plaintiff's daughter should be considered by the ALJ.  The ALJ noted this testimony in his decision.  Tr. 21.  However, it is not clear whether he considered the testimony or discounted it.

Plaintiff also asserts that it was error for the ALJ to disregard the medical report of Dr. Smith. The ALJ stated that "a report of contact dated March 29, 2001, indicates that the claimant told Mr. Armstrong's assistant she had never seen a 'Dr. Smith.'  Therefore, Dr. Smith's letter will not be considered in this case."  Tr. 20.  A review of the letter indicates that the letter does refer to the

Plaintiff.  However, any error is harmless.  This opinion is conclusory and not supported by Dr. Smith's treatment notes.  Thus, the ALJ correctly discounted any opinions in the letter, though maybe for the wrong reason.  Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988).

The failure of the ALJ to consider the non-medical evidence in the record requires a remand. Moreover, consideration of the non-medical evidence may modify any hypothetical the ALJ may pose to a vocational expert.  If a vocational expert testifies, the ALJ must include all "severe" impairments in a hypothetical question.  20 C.F.R. §404.1520(c).  Furthermore, consideration of the non-medical evidence may modify the ALJ's analysis of Plaintiff's credibility.      In conclusion, the court states that it is not mandating or indicating a particular result.  The remand, instead "simply assures that the correct legal standards are involved in reaching a decision based on" all the evidence in the case. Kepler v. Chater, 68 F.3d 387, 392 (10th Cir. 1995).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Decision is granted for proceedings consistent with this memorandum  opinion and order.

_____

**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**